# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| Matthew Gerdvil, | Case No.: |
| And | |
| Theresa Gerdvil, | COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF |
| Plaintiffs, | |
| v. | |
| Academy Collection Service, Inc, | JURY DEMAND ENDORSED HEREIN |
| Defendant. | |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692, et seq. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiffs are married natural persons who resided in Spring Hill, Florida at all times relevant to this action.

3. Defendant is a Pennsylvania Corporation that maintained its principal place of business in Philadelphia, Pennsylvania at all times relevant to this action.

4. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

5. As described below, Defendant attempted to collect a debt from Plaintiffs, which is a "debt" as defined by 15 U.S.C. §1692a(5).

6. Plaintiffs are "consumers" as defined by 15 U.S.C. §1692a(3).

7. Between September 2009 and November 2009, Defendant telephoned James Gerdvil ("James"), who is the brother of Plaintiff Matthew Gerdvil ("Matthew"), on numerous occasions in connection with the collection of the debt.

8. During several of these communications, Defendant asked to speak to either Matthew or Plaintiff Theresa Gerdvil ("Theresa").

9. During several of these communications, James informed Defendant that Defendant could not reach Matthew or Theresa at his residence and requested that Defendant no longer call his residence, but Defendant continued to call.

10. During at least one of these communications, Defendant stated that Plaintiffs owed a debt.

11. Defendant did not have either Plaintiff's consent to call James regarding the debt.

12. On or around November 10, 2009, Defendant telephoned Plaintiffs' residence and spoke to Plaintiffs' daughter.

13. During this communication, Defendant disclosed that Plaintiffs owed a debt.

14. Defendant did not have either Plaintiff's consent to talk to their daughter about the debt.

15. Defendant damaged Plaintiffs emotionally and mentally and caused Plaintiffs substantial anxiety and stress.

16. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

17. Defendant violated 15 U.S.C. §1692c by communicating with a third party in connection with the collection of the debt without either Plaintiff's consent. In support hereof, Plaintiffs incorporate paragraphs 7-14 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

18. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect a debt. In support hereof, Plaintiffs incorporate paragraphs 7-14 as if specifically stated herein.

### JURY DEMAND

19. Plaintiffs demand a trial by jury.

### PRAYER FOR RELIEF

20. Plaintiffs pray for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, LLP

By: *Karen Gatto*
Helene Karen Gatto
Bar # 0190527
2901 West Busch Blvd, Suite 701
Tampa, FL 33618
Telephone: 866-339-1156
Email: kga@legalhelpers.com
Attorneys for Plaintiff